IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 SEP 13 PM 3:50
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
     DEPUTY

ANTHONY RITHMAN, Individually and on Behalf of All Others Similarly Situated,
                Plaintiff,

-vs-

ABC PEST AND LAWN SERVICES OF SAN ANTONIO, INC.; ABC PEST CONTROL, INC. OF AUSTIN; ABC PEST CONTROL OF COLLEGE STATION, INC.; ABC HOME & COMMERCIAL SERVICES; and ROBERT JENKINS, JR.,
                Defendants.

Case No. A-13-CA-368-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants ABC Pest and Lawn Services of San Antonio, Inc., ABC Pest Control, Inc. of Austin, ABC Pest Control of College Station, Inc., ABC Home & Commercial Services, and Robert Jenkins, Jr. (collectively, ABC)'s Motion to Dismiss [#14], Plaintiff Anthony Rithman's Response [#17], ABC's Reply [#18], and Rithman's Motion for Leave to File Sur-Reply [#19];[1] and Rithman's Motion for Hearing [#20].[2] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

---

[1] The motion for leave is GRANTED, and the Court has considered the Sur-Reply, attached to the motion as an exhibit.

[2] The motion for hearing is DENIED. The parties have submitted four briefs on an issue the Court is familiar with. The size of the Court's docket simply does not allow for hearings on all dispositive motions.

## Background

In this putative collective action under the Fair Labor Standards Act (FLSA), Rithman sues his former employer for unpaid overtime wages. Rithman alleges he consistently arrived at work thirty to forty-five minutes before his scheduled start time, and spent an additional ten to fifteen minutes each day after work filling out paperwork at home. Rithman therefore alleges his employer time sheets—which uniformly clock him in precisely at his start time, and do not include time spent working at home—fail to reflect up to one hour of additional work time each workday, for which Rithman seeks compensation.

Rithman filed suit on May 2, 2013. ABC ultimately answered, and five days later made an offer of judgment to Rithman pursuant to Federal Rule of Civil Procedure 68. ABC contended the offer provided Rithman with the maximum amount of damages he could recover on his individual claims under the FLSA.[3] Rithman did not accept the offer. ABC subsequently filed their motion to dismiss, arguing the offer effectively moots Rithman's individual claims and thus justifies dismissal of this case for lack of a justiciable case or controversy.

## Analysis

### I.   Motion to Dismiss—Rule 12(b)(1)—Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may

---

[3] ABC has since increased its offer to match the maximum amount of time Rithman claims he worked, i.e., the entire extra hour on every single workday. Rithman continues to object, claiming even this adjusted offer does not fully compensate him. But Rithman can point to no potential work time excluded from the offer. To the contrary, ABC's latest offer almost certainly *overcompensates* Rithman, because it assumes a daily start date of 6:45 a.m. every day even though Rithman alleges he arrived at work between 6:45 a.m. and 7:00 a.m. each day. ABC's offer also assumes a full fifteen minutes of after-hours, off-the-clock paperwork time each day, which is the maximum Rithman alleges. Thus, regardless of whether ABC's records are accurate, ABC's offer compensates Rithman for a full additional hour of overtime every day he worked, which is more than Rithman alleges he worked.

only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (internal quotation marks omitted). There must be an actual controversy—that is, the plaintiff must have a personal stake in the outcome of the action—at all times. *Id.* If at any point the plaintiff lacks such an interest, the case is moot and must be dismissed. *Id.*

The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject-matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

## II. Application

This case presents two questions: (1) whether ABC's unaccepted offer of judgment moots Rithman's individual claims; and (2) if so, whether this case can continue in light of Rithman's collective action allegations. This second question was resolved by *Genesis*, which affirmed the dismissal of an FLSA collective action once the named plaintiff's claims were mooted by an offer of judgment, because "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. The Court reached this conclusion even though the plaintiff had not yet sought class certification. *Id.* at 1530 ("[E]ven if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness.").

The parties dispute whether *Genesis* also resolved the first question, or whether Fifth Circuit precedent still controls. The majority in *Genesis* professed not to reach the precise question "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot." *Id.* at 1528–29; *see also id.* at 1537 (Kagan, J., dissenting) (chiding the majority for failing to resolve a circuit split on this issue). Accordingly, Fifth Circuit case law ostensibly controls the Court's decision here.

The relevant circuit authority is *Sandoz v. Cingular Wirelss LLC*, 553 F.3d 913 (5th Cir. 2008). There, the Fifth Circuit considered whether a defendant may "use Rule 68 as a sword" to "'pick[] off' representative plaintiffs and avoid[] ever having to face a collective action." *Id.* at 919. The Fifth Circuit concluded defendants could not do so, invoking the so-called "relation back doctrine." *Id.* The *Sandoz* court read that doctrine, which is derived from a trio of decisions by the United States Supreme Court, as precluding dismissal on mootness grounds until the district court

has an opportunity to rule on the class certification motion. *Id.* at 919–21 (discussing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980); *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980); and *Sosna v. Iowa*, 419 U.S. 393 (1975)).

*Genesis* rejected the Fifth Circuit's reading of *Geraghty*, *Roper*, and *Sosna*. First, the Court described *Geraghty* as "inapposite, because the Court explicitly limited its holding to cases in which the named plaintiff's claim remains live at the time the district court denies class certification." *Genesis*, 133 S. Ct. at 1530. Symczyk—like Rithman—had not yet presented a class certification motion to the district court when her claims were dismissed. The Court held this sequence of events "foreclos[ed] any recourse to *Geraghty*. There is simply no certification decision to which respondent's claim could have related back." *Id.* With respect to both *Geraghty* and *Sosna*, the Court distinguished them on the basis they were Rule 23 class action cases, not FLSA collective action cases. *Id.* Unlike a Rule 23 class, an FLSA conditional certification "does not produce a class with an independent legal status, or join additional parties to the action." *Id.* Accordingly, "even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness." *Id.*

Further distinguishing both *Geraghty* and *Sosna*, the *Genesis* majority held the "'inherently transitory' relation-back rationale do[es] not apply" to claims for damages. *Id.* at 1531. This rationale grew out of *Sosna*'s "suggest[ion] that, where a named plaintiff's individual claim becomes moot before the district court has an opportunity to rule on the certification motion, and the issue would otherwise evade review, the certification might 'relate back' to the filing of the complaint." *Id.* at 1530. "Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of

limitations." *Id.* at 1531. Thus, when "a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole," the named plaintiff has achieved victory, and the putative class members "remain free to vindicate their rights in their own suits." *Id.*

Finally, the majority distinguished *Roper* on the grounds it "turned on a specific factual finding that the plaintiffs[] possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment." *Id.* at 1532. This is not true when an offer of judgment provides a named plaintiff complete relief on his individual claims. *Id.* The Court also distinguished *Roper* because it was a Rule 23 case; a "conditional certification" of an FLSA collective action "is not tantamount to class certification under Rule 23." *Id.*

*Genesis* thus rejects the precise rationale the *Sandoz* court used to arrive at its holding regarding the ability of the relation back doctrine to "ensure[] that plaintiffs can reach the certification stage." *Sandoz*, 553 F.3d at 919. The driving force behind the *Sandoz* decision was "the danger[] of allowing a defendant to 'pick off' class representatives by making an offer of judgment to the named plaintiff." *Id.* at 920. The *Genesis* majority explicitly rejected this justification for invoking the relation back doctrine in FLSA collective action cases. 133 S. Ct. at 1531–32.

Rithman argues the *Genesis* majority's refusal to confront the Rule 68 circuit split means *Genesis* says nothing about offers of judgment mooting claims, and therefore *Sandoz* remains controlling. It is true *Genesis* did not resolve the circuit split. *Genesis* did, however, make clear the relation back doctrine cannot save claims until the named plaintiff has a chance to file a motion for conditional certification. *Id.* at 1531 (relation back doctrine "has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy"). And it was the relation back doctrine which compelled the Fifth Circuit's holding in *Sandoz*. 553

F.3d at 921 (describing an early attempt to moot an FLSA claim by an offer of judgment as "the precise scenario in which application of the relation back doctrine would be appropriate").

The Court is not unsympathetic to the predicament *Genesis* creates for plaintiffs. Justice Kagan's dissent, which Rithman's argument tracks in spirit if not in letter, strikes this Court as persuasive. *See Genesis*, 133 S. Ct. at 1532–37 (Kagan, J., dissenting). But it is a dissent for a reason: namely, a majority of the Justices disagreed, read prior precedent differently, and reached a different outcome. The Fifth Circuit may ultimately find a way to read *Genesis* more narrowly. Given the frequency with which defendants are now employing the precise tactics seen in this case, the Supreme Court may soon have another opportunity to speak on this issue. But until then, *Genesis* stands as a direct refutation of the principles underlying *Sandoz*'s reasoning, and compels this Court to find Rithman's case mooted by ABC's offer to fully compensate Rithman for his alleged injuries.

## Conclusion

ABC's offer seeks to make Rithman whole, but Rithman's assistance is needed in part to finalize the amount. Rithman has already submitted an affidavit in which he alleges he worked between forty and sixty minutes each day for which he was not compensated. ABC has agreed to pay Rithman for sixty additional minutes each day, which is the maximum amount Rithman alleges he may recover. ABC has also included in its offer liquidated damages under the FLSA. Finally, ABC offers to pay Rithman's counsel's reasonable costs and attorney's fees to date, which remain unknown. The Court will therefore order Rithman's counsel to provide to ABC's counsel, with a copy to the Court, an affidavit setting forth his costs, time spent, and attorney's fees incurred to date in this action, so the final amount of the offer of judgment may be calculated.

Accordingly,

IT IS ORDERED that Rithman's Motion for Leave to File Sur-Reply [#19] is GRANTED;

IT IS FURTHER ORDERED that Rithman's Motion for Hearing [#20] is DENIED;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [#14] is GRANTED;

IT IS FINALLY ORDERED that, within TEN (10) DAYS of entry of this order, Rithman's counsel shall provide to ABC's counsel, with a copy to the Court, an affidavit setting forth his costs, time spent, and attorney's fees incurred to date in this action.

SIGNED this the 13th day of September 2013.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE