UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY RITHMAN, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 1:13-cv-00368-SS |
| ABC PEST AND LAWN SERVICES OF SAN ANTONIO, INC., ET AL. | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

### DECLARATION OF GALVIN B. KENNEDY

Pursuant to 28 U.S.C. 1746, the undersigned declares as follows:

1. My name is Galvin B. Kennedy. I am over the age of twenty-one years, of sound mind, and competent to make this affidavit. I swear under penalty of perjury that the facts stated within this declaration are within my personal knowledge and are true and correct.

2. I am a founding partner of Kennedy Hodges, LLP. I am the attorney-in-charge for the Plaintiff in the above-styled cause of action. I have been a licensed attorney for approximately17 years. My office has been in Houston, Texas during that entire time, but I practice throughout the State of Texas and have cases pending in approximately ten other states at this time. I am an attorney in good standing admitted to practice in the State of Texas and the following federal courts:

   - Fifth Circuit Court of Appeals
   - Southern District of Texas
   - Northern District of Texas
   - Western District of Texas
   - Eastern District of Texas
   - District Courts of Colorado
   - Northern District of Illinois
   - Eastern District of Michigan

3. I have been board certified in personal injury trial law by the Texas Board of Legal Specialization since 2004. I have a J.D. degree from the University of Houston Law Center. I regularly present papers I have authored regarding the Fair Labor Standards Act at various CLE functions throughout the state of Texas.

1

4. I have served as lead class counsel in approximately 30 class and/or collective actions in multiple states across the country, the vast majority of which were for wage and hour violations.

5. A copy of my curriculum vitae is attached hereto as Exhibit 2 and incorporated herein by reference.

6. My firm keeps contemporaneous records of the time attorneys, paralegals and law clerks work on cases. Attached to this declaration is Exhibit 1, a true and correct itemization of the time each time keeper spent on this case, a redacted description of the work they performed, and the date of the work. It is my professional opinion that the work performed and the rates charged were reasonable considering the venue of this case and the issues involved. Exhibit 1 also contains an itemized list of the costs incurred to date in this case. The total fees are $21,550. The total expenses are $696.31.

7. The following work was done either by me or at my direction while prosecuting Plaintiff Anthony Rithman's claims. The following recitation of facts describes the legal services my firm provided to Mr. Rithman and the reasonableness and necessity of those services.

8. Plaintiff's Original Complaint was filed on May 2, 2013. Prior to the Complaint being drafted and filed, Karen Nudelman, an associate attorney at Kennedy Hodges, LLP, interviewed Mr. Rithman, the facts related to his case and performed a thorough legal and factual investigation into Defendants' alleged violations of the Fair Labor Standards Act. I exercised my billing judgment by omitting work that was done early on in this case investigating the claims and the defendants.

9. After Plaintiff filed his Original Complaint as a collective action against Defendants on May 2, 2013, Defendants filed an Unopposed Motion for Extension of Time to file an Answer on June 4, 2013, which the Court granted on June 6, 2013. Defendants filed their Answer on July 10, 2013.

10. On July 12, 2013, Defendants made an offer of judgment to Plaintiff under Rule 68. A few days later, Defendants made a second offer of judgment to Plaintiff due to an error they admitted making in the first offer of judgment. Defendants made their third offer of judgment to Plaintiff in their Reply to Plaintiff's Response to Defendants' Motion to Dismiss, which they filed with the Court on September 4, 2013.

11. On August 19, 2013, Plaintiff's counsel met with Defendants' counsel at Kennedy Hodges, LLP for a Rule 26 conference, and reviewed the Proposed Scheduling Order Plaintiff's counsel drafted. Plaintiff's counsel spent the following week revising the Proposed Scheduling Order and discussing those revisions with Defendants' counsel. Plaintiff filed the Proposed Scheduling Order on September 9, 2013.

12. Defendants filed their Motion to Dismiss for Lack of Jurisdiction on July 31, 2013. Plaintiff filed his Motion for extension of time to respond to said motion on August, 7,

2013, and subsequently filed his Response to Defendants' Motion to Dismiss on August 28, 2013. Defendants filed their Reply to Plaintiff's Response on September 4, 2013.

13. Substantial work was performed by Plaintiffs' counsel during the Motion practice related to Defendant's Motion to Dismiss. Plaintiffs ask the court to take judicial notice of the quantity and quality of the work performed by Plaintiff's counsel as reflected in the court's record.

14. On September 6, 2013, Plaintiff filed a Motion for Leave to file a Sur-Reply to Defendants' Reply. Plaintiff filed a Motion for Hearing on Oral Argument Regarding Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction on September 9, 2013.

15. On September 13, 2013, the Court granted Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. In the Court's order, the Court ordered me to provide Defendants and the Court with an affidavit setting forth costs, time spent, and attorney's fees incurred to date on this action within ten days of the Court's order. I prepared this declaration pursuant to the Court's order.

16. Plaintiff's counsel began drafting Plaintiff's Motion for Reconsideration after the Court granted Defendants' Motion to Dismiss. Such Motion was filed on September 23, 2013.

17. As show in Exhibit 1, my firm spent the following time work on this case:

| Time Keeper | Sum of Time | Sum of Due |
|---|---|---|
| BSM--Attorney | 1.3 | $357.50 |
| FR--Paralegal | 3.3 | $330.00 |
| GBK--Attorney | 24.2 | $8,470.00 |
| HL--Paralegal | 3.15 | $315.00 |
| KAN--Attorney | 38.7 | $10,642.50 |
| Law clerk | 14.35 | $1,435.00 |
| Grand Total | 85 | $21,550.00 |

18. In total my firm spent 85 hours working on this matter. Of those total hours, attorneys billed 65 hours and paralegals and law clerks bills 20 hours. The blended hourly rate for the attorneys is $299. The hourly rate for paralegals and law clerks is $100.

19. The hourly rates and fees charged by myself and/or other attorneys and legal support staff are more than reasonable for counsel in Travis County, Texas legal community. I regularly bill clients for my services between $350 and $450 per hour. In the most recent case I tried where I presented my fees to a jury, the jury of 12 found that my rate of $350 was reasonable and awarded my client $92,000 in attorneys' fees. That case was tried in 2012 in Houston, Texas and related to an employee—who was paid on commission basis—claiming his employer did not pay him all compensation due. I have relied on that

case in forming my opinion that a rate of $350 per hour is a reasonable hourly rate for an attorney with 17 years of representing an employee against an employer in a case involving unpaid wages.

20. My total fees submitted include the exercise of billing judgment. First, my regular billing rate for a case of this nature is $425 per hour. However, in using my billing judgment, I have reduced my rate to $350 for this case. An hourly fee of $350 for this service is reasonable for the Travis County, Texas legal community for an attorney with my experience. Second, I have also used billing judgment by not charging twice for certain events where two attorneys were present. For example, on August 19, 2013, Karen Nudelman and I met with Tom Watkins in my office to discuss a scheduling order for this case. I did not include Ms. Nudelman's time in my summary of hours worked attached as Exhibit 1. I completely wrote off time that was duplicated when more than one attorney had to review the same case law in order to fully analyze the issues in the case. **This resulted in a reduction of at least five hours of attorney time.**

21. I also exercised billing judgment by not submitting approximately three hours of time spent strategizing over the legal and factual issues of this case with Karen Nudelman and Don Foty, one of the partners in the firm. I also exercised billing judgment by omitting intra-office corresponding between myself and other attorneys in my firm regarding various issues in this case. Combined, **I estimate that I have written off from my billing statement approximately 10 hours of time across all attorneys**.

22. The issues in this case went far beyond the standard FLSA case and required an in depth analysis of Supreme Court and Fifth Circuit authority on the subject of mootness. The issues were novel given the timing of the relevant case law and the dearth of authority on the subject. Such novel issues warrant a higher rate than what I am submitting as reasonable for this case. In my professional opinion, the novelty of the legal issues required counsel that was more experienced than is otherwise necessary in a vanilla FLSA case. It also made the case less desirable.

23. Mr. Rithman has agreed to pay Plaintiff's counsel on a contingency fee basis. Under the agreement, Mr. Rithman will keep his entire claim (back pay plus full liquidated damages) provided the Court awards reasonable attorneys' fees and costs that surpass his recovery.

24. My firm cannot accept every case that is offered to it due to limited resources. Therefore, because my firm worked on this case on a contingency basis, we were not able to work on other cases. My firm incurred a risk of not being paid at all on this case.

25.  I further exercised billing judgment by assigning work to attorneys and staff who bill at a lower rate whenever I, in my judgment, considered they were able to properly handle the task. Indeed, that is why my associate attorney, Karen Nudelman, performed 38.7 hours and I performed 24.2 hours of work on this matter.

FURTHER AFFIANT SAITH NOT.

September 23, 2013                                      _____
                                                         Galvin B. Kennedy

| Date | Time Keeper | Rate | Time | Due | Notes |
|---|---|---|---|---|---|
| 09/04/2013 | BSM--Attorney | $ 275.00 | $ 0.20 | $ 55.00 | Research Opposing ▮▮▮▮▮▮▮▮▮▮ |
| 09/05/2013 | BSM--Attorney | $ 275.00 | $ 0.60 | $ 165.00 | Communicate (other external) Court Coordinator regarding the procedure for getting an oral hearing on a contested motion; communicated with opposing counsel regarding his position on a Motion for Oral |
| 09/06/2013 | BSM--Attorney | $ 275.00 | $ 0.50 | $ 137.50 | Draft/revise Motion for Oral Arguments |
| 09/23/13 | FR--Paralegal | $ 100.00 | $ 0.60 | $ 60.00 | Create Excel spreadsheet re-▮▮▮▮▮▮▮▮▮▮ |
| 05/02/2013 | FR--Paralegal | $ 100.00 | $ 0.80 | $ 80.00 | Received complaint and exhibits from KAN for filing. Open case in TXWD and filed same. Also, prepared summonses and filed for issuance. |
| 05/20/2013 | FR--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Discussed case with HL to ensure Summonses went out for service. |
| 05/22/2013 | FR--Paralegal | $ 100.00 | $ 0.30 | $ 30.00 | Received executed summonses as to all defendants from process server and filed same in the TXWD. |
| 07/10/2013 | FR--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Received copy of D's Answer to Complaint and Affirmative Defenses. Reviewed and ▮▮▮▮▮▮ |
| 07/25/2013 | FR--Paralegal | $ 100.00 | $ 0.20 | $ 20.00 | Received Notice of New Firm Name through ECF. Saved and made changes to our file. |
| 07/31/2013 | FR--Paralegal | $ 100.00 | $ 0.20 | $ 20.00 | Received D's Motion to Dismiss. Saved all files and calendared deadline for Plaintiff to Respond. |
| 08/07/2013 | FR--Paralegal | $ 100.00 | $ 0.20 | $ 20.00 | Received motion to extend deadline for P's to respond to motion to dismiss. Filed same per KAN |
| 09/06/2013 | FR--Paralegal | $ 100.00 | $ 0.30 | $ 30.00 | Received motion for leave to file sur-reply from GBK. Filed same in the Western District of TX. |
| 09/09/2013 | FR--Paralegal | $ 100.00 | $ 0.30 | $ 30.00 | Received motion for oral hearing and proposed scheduling order from KAN for filing. Filed same in the Western Dist. of Texas |
| 09/13/2013 | FR--Paralegal | $ 100.00 | $ 0.20 | $ 20.00 | Received Judge's order re- D's Motion to Dismissed. Reviewed order and scehduled necessary deadline. |
| 07/19/13 | GBK--Attorney | $ 350.00 | $ 2.20 | $ 770.00 | Review D's offer of judgment and related spreadsheet |
| 08/19/2013 | GBK--Attorney | $ 350.00 | $ 0.70 | $ 245.00 | office meeting with Tom Watkins re Rule 26 (0.5); follow up re same (0.2) |
| 08/26/2013 | GBK--Attorney | $ 350.00 | $ 1.10 | $ 385.00 | Research re ▮▮▮▮▮▮▮▮▮▮ |
| 08/27/2013 | GBK--Attorney | $ 350.00 | $ 3.20 | $ 1,120.00 | Draft/revise response to motion to dismiss and declaration for same |
| 09/04/0013 | GBK--Attorney | $ 350.00 | $ 1.10 | $ 385.00 | Review/analyze d's reply brief re m/dismiss |
| 09/05/2013 | GBK--Attorney | $ 350.00 | $ 1.60 | $ 560.00 | Draft/revise ▮▮▮▮▮▮▮▮▮▮ |
| 09/06/2013 | GBK--Attorney | $ 350.00 | $ 1.20 | $ 420.00 | Drafted ▮▮▮▮▮▮▮▮▮▮ |
| 09/13/2013 | GBK--Attorney | $ 350.00 | $ 1.10 | $ 385.00 | Review/analyze court's order on dismissal |
| 09/17/2013 | GBK--Attorney | $ 350.00 | $ 1.50 | $ 525.00 | tc/Tom Watkins and Danny Smith re court's order and their offer of judgment (0.4); follow up preparation work pursuant to court's order on fees and costs (1.1) |
| 09/21/2013 | GBK--Attorney | $ 350.00 | $ 2.10 | $ 735.00 | Draft/revise motion for reconsideration (2.1) |
| 09/22/2013 | GBK--Attorney | $ 350.00 | $ 1.80 | $ 630.00 | Draft/revise affidavit in support of attorney's fees |
| 09/23/13 | GBK--Attorney | $ 350.00 | $ 6.60 | $ 2,310.00 | draft motion for reconsideration (2.6); legal research regarding same (1.1); review and edit declaration (0.2); review billing records and draft affidavit re |

**EXHIBIT 1**

| Date | Timekeeper | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|
| 01/07/2013 | HL--Paralegal | $ 100.00 | $ 0.23 | $ 22.50 | Attempt to contact client re: ▓▓▓▓ Email client re: ▓▓▓▓ Telephone conference with client re: ▓▓▓▓ |
| 01/10/2013 | HL--Paralegal | $ 100.00 | $ 0.08 | $ 7.50 | Received email from client re: ▓▓▓▓ |
| 04/09/2013 | HL--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Telephone conference with A. Rithman re: ▓▓▓▓ |
| 04/15/2013 | HL--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Telephone conference with A. Rithman re: ▓▓▓▓ |
| 04/19/2013 | HL--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Email client re: ▓▓▓▓ |
| 05/03/2013 | HL--Paralegal | $ 100.00 | $ 0.40 | $ 40.00 | Lengthy telephone conference with court re: summonses: Review summonses for correction purposes: Make corrections on summonses. |
| 05/06/2013 | HL--Paralegal | $ 100.00 | $ 0.30 | $ 30.00 | Prepare and file motion for pro hac vice: Download file stamped copy of motion for pro hac vice. |
| 05/06/2013 | HL--Paralegal | $ 100.00 | $ 0.70 | $ 70.00 | Download documents 4 and 5 (Issued summonses and letter from court to K. Nudelman): Conduct search of Motion for Pro Hac Vice: Prepare motion for pro hac vice for K. Nudelman's review: Telephone conference with B. Denmon re: service: Prepare issued |
| 05/08/2013 | HL--Paralegal | $ 100.00 | $ 0.10 | $ 10.00 | Download Order Granting Motion to Appear Pro Hac Vice for K. Nudelman (Dkt. 7) from court's website. |
| 05/16/2013 | HL--Paralegal | $ 100.00 | $ 0.50 | $ 50.00 | Prepare cover letter: Work on e-filing registration form for K. Nudelman: Email Hot Shot re: E-filing |
| 05/16/2013 | HL--Paralegal | $ 100.00 | $ 0.40 | $ 40.00 | Conduct search of ECF Filing Form: prepare form for attorney K. Nudelman's review: telephone conference with Hot Shot re: hand delivery of form. |
| 09/12/2012 | HL--Paralegal | $ 100.00 | $ 0.15 | $ 15.00 | Update client ▓▓▓▓ |
| 09/23/13 | KAN--Attorney | $ 275.00 | $ 1.10 | $ 302.50 | Draft/revise attorney's fees affidavit. |
| 04/16/2013 | KAN--Attorney | $ 275.00 | $ 2.00 | $ 550.00 | Research ▓▓▓▓ |
| 04/19/2013 | KAN--Attorney | $ 275.00 | $ 0.40 | $ 110.00 | Communicate (with client) about ▓▓▓▓ |
| 04/22/2013 | KAN--Attorney | $ 275.00 | $ 1.20 | $ 330.00 | Research ▓▓▓▓ |
| 04/30/2013 | KAN--Attorney | $ 275.00 | $ 3.50 | $ 962.50 | Draft/revise Plaintiff's Original Complaint |
| 06/18/2013 | KAN--Attorney | $ 275.00 | $ 0.60 | $ 165.00 | Draft/revise ▓▓▓▓ |
| 06/18/2013 | KAN--Attorney | $ 275.00 | $ 1.90 | $ 522.50 | Research Texas ▓▓▓▓ |
| 07/18/2013 | KAN--Attorney | $ 275.00 | $ 0.20 | $ 55.00 | Communicate with client: ▓▓▓▓ |
| 08/19/2013 | KAN--Attorney | $ 275.00 | $ 0.80 | $ 220.00 | Communicate ▓▓▓▓ |
| 08/19/2013 | KAN--Attorney | $ 275.00 | $ 1.70 | $ 467.50 | Draft/revise Joint Scheduling Order |
| 08/19/2013 | KAN--Attorney | $ 275.00 | $ 1.90 | $ 522.50 | Research opinions re ▓▓▓▓ |
| 08/20/2013 | KAN--Attorney | $ 275.00 | $ 3.70 | $ 1,017.50 | Research ▓▓▓▓ |
| 08/20/2013 | KAN--Attorney | $ 275.00 | $ 2.10 | $ 577.50 | Review/analyze defendant's offer of judgement ▓▓▓▓ |
| 08/23/2013 | KAN--Attorney | $ 275.00 | $ 0.60 | $ 165.00 | Plan and prepare for drafting response to D's motion to dismiss by meeting with GBK to discuss and |
| 08/26/2013 | KAN--Attorney | $ 275.00 | $ 0.70 | $ 192.50 | Communicate (with client): t/c with client re: ▓▓▓▓ |
| 08/26/2013 | KAN--Attorney | $ 275.00 | $ 0.50 | $ 137.50 | Communicate (with client): t/c with ▓▓▓▓ |
| 08/26/2013 | KAN--Attorney | $ 275.00 | $ 9.10 | $ 2,502.50 | Draft/revise P's Response to D's Motion to Dismiss |
| 08/27/2013 | KAN--Attorney | $ 275.00 | $ 2.40 | $ 660.00 | Draft/revise P's Response to D's Motion to Dismiss. |
| 09/18/2013 | KAN--Attorney | $ 275.00 | $ 1.20 | $ 330.00 | Review/analyze clerk's motion for reconsideration |
| 09/19/2013 | KAN--Attorney | $ 275.00 | $ 0.70 | $ 192.50 | Communicate (with client): t/c with client re status of cae and commission issues. |

| Date | Timekeeper | Rate | Time | Amount | Description |
|---|---|---|---|---|---|
| 09/23/13 | KAN--Attorney | $ 275.00 | $ 2.40 | $ 660.00 | multiple tc/client re ▮▮▮ (0.3); draft and revise ▮▮▮ (1.0); review/analyze/compare ▮▮▮ |
| 04/24/2013 | Law clerk | $ 100.00 | $ 3.33 | $ 332.50 | Draft/revise P's Original Complaint |
| 09/05/2013 | Law clerk | $ 100.00 | $ 0.70 | $ 70.00 | Other: Reviewing pleadings and searching ▮▮▮ for ▮▮▮ regarding motion ▮▮▮ |
| 09/06/2013 | Law clerk | $ 100.00 | $ 1.75 | $ 175.00 | Researched caselaw regarding a ▮▮▮ |
| 09/19/2013 | Law clerk | $ 100.00 | $ 7.00 | $ 700.00 | Drafted a memo on ▮▮▮ the Fifth Circuit ▮▮▮ |
| 04/09/13 | Law clerk | $ 100.00 | $ 1.58 | $ 157.50 | Draft/revise Complaint |
| Total | | | | $ 21,550.00 | |

SUMMARY

| Time Keeper | Sum of Time | Sum of Due |
|---|---|---|
| BSM--Attorney | 1.3 | $ 357.50 |
| FR--Paralegal | 3.3 | $ 330.00 |
| GBK--Attorney | 24.2 | $ 8,470.00 |
| HL--Paralegal | 3.15 | $ 315.00 |
| KAN--Attorney | 38.7 | $ 10,642.50 |
| Law clerk | 14.35 | $ 1,435.00 |
| Grand Total | 85 | $ 21,550.00 |

ITEMIZED EXPENSES

| Date | Name | Memo | Amount |
|---|---|---|---|
| 10/13/2012 | AT&T | Long distance | $ 1.15 |
| 12/7/2012 | Secretary of State | Research | $ 1.03 |
| 5/2/2013 | US District Court - W | Filing fee | $400.00 |
| 5/6/2013 | US District Court - W | Pro hac vice admi | $ 25.00 |
| 5/7/2013 | Secretary of State | Research | $ 17.45 |
| 5/13/2013 | AT&T | Long distance | $ 0.83 |
| 5/22/2013 | Brian Denmon | Citation svc on Ro | $225.00 |
| 5/31/2013 | Hot Shot Delivery, In | 5/16 del to courtho | $ 25.85 |
| | TOTAL | | $696.31 |

**GALVIN B. KENNEDY**
Kennedy Hodges, L.L.P.
711 W. Alabama St
Houston, TX 77006
713-523-0001

---

## EDUCATION

Law School   UNIVERSITY OF HOUSTON LAW CENTER
Doctor of Jurisprudence, *Cum Laude*, May 1996 (High Honors)

- American Jurisprudence Award, Constitutional Law (Highest Grade)
- Civil Trial Advocacy (Highest Grade)
- Insurance Law (Highest Grade)
- Professional Malpractice (Highest Grade)
- Champion, Hippard Mock Trial Tournament 1994
- Best Speaker, Hippard Mock Trial Tournament 1994
- Best Speaker, Blakely Moot Court Tournament 1995
- Finalist, Blakely Moot Court Tournament 1995
- National Mock Trial Team, 1994-1996
- Houston Journal of International Law, Editor
- Order of the Barons, member
- Order of the Barristers, member
- Scholarship, Mexican Legal Study Program, Mexico City

Undergraduate NORTHERN ILLINOIS UNIVERSITY
B.A., *Magna Cum Laude,* May 1992

- Debate Team Scholarship, 4 years (dozens of interscholastic speaker awards)
- President's Scholarship for Outstanding Seniors
- Mortar Board, National Honor Society

## LEAD CLASS COUNSEL

Partial list of certified collective/class actions in which Mr. Kennedy served as lead class counsel:

1. Case No. 1:13-cv-01363-AKH; *Larkin, et al. v. Scotts Lawn Maintenance;* In the United States District Court for the Southern District of New York (Judge Hellerstein certified a national class on behalf of more than 4,500 lawn technician service representatives).
2. Case No. 3:11-cv-02743-O; *Erica Jones, et al v. JGC Dallas LLC, et al*; In the United States District Court for the Northern District of Texas, Dallas Division (Judge Reed O'Connor)(certified collective action on behalf of 4,000 exotic dancers working at 8 different clubs in two states).
3. Civil Action No. 4:10-cv-00986; *John Glass, et al. v. Konica Minolta Business Solutions*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Lake)(national class certified as to over 2,000 service repair technicians).
4. Case No. 12-cv-2987-WJM-MJW; *Buck Howard, et al. v. J&A Services, Inc.*, et al.; In the United States District Court for the District of Colorado (Judge Martinez)(certified a national class of over 300 oil/gas flow testers allegedly misclassified as independent contractors).

EXHIBIT 2

5. Case No. 3:13-cv-0211; *Condiff v. Genesis Energy, LLC, et al*. (Judge Costa certified a class of over 140 tankerman in a national collective action lawsuit).
6. *Case No. 4:13-cv-0027; Hanson, et al. v. Camin Cargo;* In the United States District Court for the Southern District of Texas, Houston Division (Judge Smith certified a class of hundreds of oil and gas inspectors, including approximately half of whom had signed arbitration agreements).
7. Case No. 11-2186 c/w 12-359; *Dale Robert White, et al. v. Dish Network Service, LLC and Integrated Electronic Technologies*; In the United States District Court Eastern District of Louisiana (Judge Susie Morgan)(Judge Morgan certified a class of over 400 DISH cable installers in three states).
8. Civil Action No. H-12-1446; *Kimberly Long, et al. v. BDP International, Inc. et al.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge N. Atlas certified collective action on behalf of more than 200 logistic coordinators claiming off the clock time worked.)
9. Civil Action Civil Action No. 1:12-cv-00243; *Holly A. Villarreal, et al. v. Source Refrigeration & HVAC, Inc.;* In the United States District Court for the Southern District of Texas, Houston Division (Judge Sparks)(certified collective action of more than 500 industrial refrigeration repair technicians in eleven states).
10. Civil Action No. 6:11-cv-00255; *Jeanette Wallace, et al. v Examination Management Services, Inc.;* In the United States District Court for the Western District of Texas, Waco Division (Judge W. Smith)(national collective action certified as to virtual case workers ordering medical records from home).
11. Civil Action No. 4:11-cv-712; *Cherie Turner, et al. v. NTFN, Inc. and Nationwide Home Lending*; In the United States District Court for the Eastern District of Texas, Sherman Division (Judge Bush)(multi-state collective action certified as to loan officers).
12. Civil Action No. 4:11-cv-02198; *Robert Barnard, et al. v. Intertek, et al.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Lake) (national class certified adversely as to oil and gas inspectors; later expanded to dispatchers).
13. Civil action No. 3:11-CV-02110; *Michael Shackelford, et al. v. Time Warner NY Cable LLC, et al.*; In the United States District Court for the Northern District of Texas, Dallas Division (Judge Solis)(Texas class certified adversely as to cable TV installers).
14. Civil Action No. 4:08-cv-00486 *Alvaro Albanil, et al. v. Coast 2 Coast*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Miller)(national class certified adversely as to cement workers).
15. Civil Action No. 4:06-cv-01721; *Casandra Fuentes, et al. v. Target Corporation*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Gilmore)(multi-state class certified with hundreds of janitors).
16. Civil Action No. 4:08-cv-01692; *Tomas Ruiz, et al. v. GVMS, Inc., GVHC, Inc., GV Marine Services, etc.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Rosenthal)(Multistate class certified with hundreds of metal workers).
17. Civil Action No. 4:08-cv-00212; *Brett Smith, et al. v. CBS Mechanical Inc.*; In the United States District Court for the Eastern District of Texas, Sherman Division (Judge Schneider)(Texas class certified of technical field workers).

18. Civil action No. H-12-1003; *Hector Cabrera, et al. v. A&A Cable Contractors, Inc.*, et al.; In the United States District Court for the Southern District of Texas, Houston Division (Judge Solis)(Texas class certified).
19. Civil Action No. 1:12-cv-00111 *Aaron Covey, et al. v. Iron Cactus*, et al.; In the United States District Court for the Western District of Texas, Austin Division (Judge Sparks)(Texas class of 5 restaurants certified; notice mailed to over 900 servers).
20. Civil Action No. 4:05-cv-03924; *Javier Garcia, et al. v. Maintenance, Inc.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Gilmore)(multi-state class certified adversely).
21. Civil Action No. 1:12-CV-77; *Samantha Patrick, et al. v. Madison Restaurants of Texas, Inc., et al.;* In the United States District Court for the Eastern District of Texas, Beaumont Division (Judge Clark) (Texas class certified).
22. Civil Action No. 4:05-cv-03620; *Cynthia Guerrero, et al. v. Habla Communications, Inc.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Hittner)(Texas class certified as to hundreds of employees working at call center).
23. Civil Action No. 4:11-cv-01007; *Samuel Puac, et al. v. Qin Dynasty*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Hughes)(Houston class certified).
24. Civil Action No. 4:11-cv-01160 *Jorge Viveros, et al. v. Nit Noi, et al.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Hughes) (Houston class certified).
25. Civil Action No. 4:09-cv-03981 *Ricardo Vargas v. The Richardson Trident Co.* In the United States District Court for the Southern District of Texas, Houston Division (Judge Harmon) (multi-state class certified adversely).
26. *Civil Action No. 08-511; Liliana Mendoza, et al. v. BK 6341, Burger King, et al.*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Miller)(Texas class certified).
27. Civil Action No. 4:05-cv-01240; *Gregoria Lopez, et al. v. Churrascos and Cordua Restaurants*; In the United States District Court for the Southern District of Texas, Houston Division (Judge Lake)(Texas class certified via arbitration).

## PUBLICATIONS

- Failure to Pay Overtime Under the Fair Labor Standards Act: The Most Valuable Claim you are Not Making.  Presented at Texas Trial Lawyers Association Annual Conference. December 2012.

- Failure to Pay Overtime Under the Fair Labor Standards Act: The Most Valuable Claim you are Not Making.  Presented before Houston Trial Lawyers Association. February 9, 2012.

- Failure to Pay Overtime Under the Fair Labor Standards Act: Slave Wage Earners Get their Revenge. Presented before Mexican American Bar Association of Houston. March 13, 2006.

- Failure to Pay Overtime Under the Fair Labor Standards Act: Slave Wage Earners Get their Revenge.  2005 Barnes Law Seminar. November 9, 2005.

## EMPLOYMENT

<u>Legal</u>     Kennedy Hodges, L.L.P.
**President**: Founder of Firm. Represented thousands of clients in a variety of matters ranging from employment class action and catastrophic personal injury and wrongful death claims.
(January 2002 – Present)

The Kennedy Law Firm, Houston, Texas
**Owner**: Founder and owner of the Firm.  Successfully tried 10-day business dispute arbitration, imposing worldwide non-compete.
(December 2000 – January 2002)

Greenberg, Peden, Siegmyer & Oshman, P.C. Houston, Texas
**Attorney:** Litigation associate responsible for drafting motions, discovery, pleadings, deposing witnesses, legal research, trial preparations with focus on class action litigation, securities fraud, employment litigation and personal injury.
(September 1996 – December 2000)

151st District Court of Texas
**Judicial Intern:** preparing legal memoranda and making recommendations to judge on motions for summary judgment and other pretrial rulings. (Summer 1994)

O'Quinn, Kerensky & Laminack
**Law Clerk**: interviewed witnesses, summarized deposition testimony, prepared trial notebooks, performed legal research. (1992)

<u>Non-Legal</u>   Sampietro, Academias de Idiomas, Barcelona, Spain
**English Instructor**: taught English as a foreign language to students of all ages and all levels of proficiency. (1992 – 1993)

## MISCELLANEOUS ACHIEVEMENTS

Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization (2004 to present).

AV Rated by peers through Martindale Hubble.

Million Dollar Advocates Forum, Member.

Selected as "Super Lawyer" for five+ years by Texas Lawyer and Texas Monthly Magazine.

Texas Association of Civil Trial and Appellate Specialists and Texas Trial Lawyer Association.

Voted one of Houston's Top Lawyers by H Texas Magazine, July 2005.

Bilingual – English and Spanish.